LANDMAN CORSI BALLAINE & FORD P.C.
One Gateway Center, 4th Floor
Newark, NJ 07102-5311
(973) 623-2700
Attorneys for Defendant
National Railroad Passenger Corporation
("Amtrak")

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------- x
BENJAMIN SCHARF, SHIRLEY           :
SCHARF, JOHN LENARD, NANCY         :
LENARD, RICHARD HOWARD, and        :    CIVIL ACTION NO.:
TERRY WEITZEN,                     :
                                   :
          Plaintiffs,              :    NOTICE OF REMOVAL
     v.                            :
                                   :
NATIONAL RAILROAD PASSENGER        :
CORPORATION d/b/a AMTRAK,          :
                                   :
          Defendant.               :
---------------------------------------- x

TO:  Elliot D. Ostrove, Esq.
     Day Pitney, LLP
     P.O. Box 1945
     Morristown, NJ 07962

Defendant National Railroad Passenger Corporation ("Amtrak") by and through its attorneys, respectfully states:

1. Amtrak has been named as a defendant in an action in the Superior Court of New Jersey, Middlesex County, Docket No.: C-3014-80, entitled <u>Benjamin Scharf, et al. v. National Railroad Passenger Corporation d/b/a Amtrak</u>.

2. The above-entitled action was commenced by the filing of a complaint by Benjamin Scharf and the other five plaintiffs in 1980 ("the 1980 Action"). Amtrak cannot locate the original complaint. The 1980 action was administratively dismissed by the Superior Court in 1996.

436704.1 DocsNJ

3. On March 17, 2008, Seth Gerszberg filed an Order to Show Cause seeking an order: (1) reinstating the 1980 Action; (2) substituting Mr. Gerszberg as a plaintiff in the place of Benjamin Scharf and Shirley Scharf; (3) granting a preliminary injunction against Amtrak; and (4) enforcing litigants' rights pursuant to an order that was entered in 1988 in the 1980 Action ("the Order to Show Cause"). A copy of all papers served upon Amtrak in connection with the Order to Show Cause is attached as Exhibit 1.

4. Mr. Gerszberg's Order to Show Cause is in effect a new action against Amtrak.

5. Defendant Amtrak first received a copy of the Order to Show Cause on March 24, 2008, when it was improperly served.

6. Pursuant to 28 U.S.C. § 1441(a), the Order to Show Cause can be removed to this Court because this Court has original jurisdiction over the Order to Show Cause.

7. This Court has original jurisdiction over the Order to Show Cause pursuant to 28 U.S.C. § 1331 because Amtrak was created by an Act of Congress, 49 U.S.C. § 24101 et seq., and more than half of its capital stock is owned by the federal government. See 28 U.S.C. § 1349.

8. This Court also has original jurisdiction over the Order to Show Cause pursuant to 28 U.S.C. § 1331 because Mr. Gerszberg's request for relief is preempted by, among other things, 49 U.S.C. § 24301 and 49 U.S.C. § 24902.

9.  This Court also has original jurisdiction over the Order to Show Cause pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

10. Mr. Gerszberg is a citizen of New Jersey. Pursuant to 49 U.S.C. § 24301(b), Amtrak is a citizen only of the District of Columbia when deciding original jurisdiction of the District Courts of the United States in a civil action.

11. In addition to seeking a preliminary injunction and sanctions against Amtrak, Mr. Gerszberg alleges property damage to his residence because of "severe flooding problems nearby every time there is any significant rainfall."

12. This case was previously removed to this Court by Amtrak on April 17, 2008.

13. After removal, Amtrak filed a motion to compel Mr. Gerszberg to file a complaint.

14. On April 30, 2008, before that motion was decided, the Honorable Jose L. Linares issued a *sua sponte* Order remanding this case to the state court. A copy of that Order is attached hereto at Exhibit 2. In that order Judge Linares stated:

> In the instant matter, Gerszberg has not filed a complaint, and therefore is not a party to a civil action that may be removed to this Court. . . . This Court is compelled by statute to order the remand of removed cases over which it has no jurisdiction. 28 U.S.C. § 1447(c). Should Amtrak cure this defect in state court upon remand and satisfy the civil action requirement of § 1441(a), it may, of course, remove this case at that time; but the present posture of this matter requires this Court to order it remanded to state court.

436704.1 DocsNJ                                3

15. On May 22, 2008, after the case was remanded to the state court, the Honorable Frank M. Ciuffani, J.S.C. held a hearing on the Order to Show Cause and Amtrak's motion to compel Mr. Gerszberg to file a complaint. Judge Ciuffani denied Amtrak's motion to compel Mr. Gerszberg to file a complaint, reopened the 1980 Action, substituted Mr. Gerszberg as plaintiff in place of Benjamin and Shirley Scharf in the 1980 action and granted other relief to Mr. Gerszberg. A copy of the transcript of the hearing is attached at Exhibit 3.

16. The state court's denial of Amtrak's motion to compel Mr. Gerszberg to file a complaint allows Amtrak to remove the case again to this Court.

17. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon defendant Amtrak in connection with the Order to Show Cause are attached to this Notice of Removal.

WHEREFORE, defendant Amtrak requests that the Order to Show Cause described in paragraph three now pending against defendant Amtrak in the Superior Court of New Jersey, Middlesex County, be removed to this Court.

LANDMAN CORSI BALLAINE & FORD P.C.
One Gateway Center, 4th Floor
Newark, NJ  07102-5311
(973) 623-2700
Attorneys for Defendant
National Railroad Passenger
Corporation ("Amtrak")

BY: _____
Joseph M. Tomaino

Dated: June 11, 2008
       Newark, New Jersey

436704.1 DocsNJ                          4

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I hereby certify that the matter in controversy in this action is not now known to me to be the subject of any other action pending in any Court or of any pending arbitration or administrative proceeding.

_____
Joseph M. Tomaino

Dated:   June 11, 2008