NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
BENJAMIN SCHARF, SHIRLEY SHARF, )
JOHN LENARD, NANCY LENARD,      )
RICHARD HOWARD, TERRY           )
WEITZEN, and SETH GERSZBERG,    )
                                )
        Plaintiffs,          )       Civil Action No.: 08-2878 (JLL)
                                )
       v.                   )       **OPINION**
                                )
NATIONAL RAILROAD PASSENGER     )
CORPORATION,                    )
                                )
        Defendant.           )
_____)

For Plaintiff: Elliot D. Ostrove (*Day Pitney LLP*)

For Defendant: Joseph M. Tomaino (*Landman Corsi Ballaine & Ford P.C.*)

**LINARES, District Judge.**

This matter comes before the Court on Plaintiff Seth Gerszberg's ("Plaintiff" or "Gerszberg") motion to remand [CM/ECF #4] this case to the Superior Court of New Jersey, filed on June 27, 2008.  No oral argument was held.  Fed. R. Civ. P. 78.  For the reasons set forth in this Opinion, Plaintiff's motion is granted.

## INTRODUCTION

The original complaint in this matter is lost in the mists of time.  (Tomaino Dec. ¶ 6.) What is clear from the remaining record, however, is that on January 1, 1980, certain plaintiffs listed on the docket sheet for this action, not including Gerszberg, filed an action against the

1

National Passenger Railroad Corporation ("Defendant" or "Amtrak") in New Jersey Superior Court. (Id. Ex. B ¶ 4.) The original plaintiffs were several Middlesex County homeowners living near a structure purportedly owned by Amtrak called the Mill Brook Culvert. (Id. Ex. A ¶ 4.) The suit concerned flooding that had occurred during 1978 or 1979, from which the homeowners had suffered property damage that they believed was caused by a buildup of silt in the Mill Brook Culvert. (Id. Ex. A ¶¶ 5-7.) Eight years later, the Superior Court of New Jersey issued an Order (the "1988 Order") requiring Amtrak to, inter alia, maintain the Mill Brook Culvert in a specified manner and report on the condition of the Culvert to certain original plaintiffs. (Id. Ex. A ¶¶ 8-14.) Subsequently, on February 2, 1996, the case was administratively terminated. (Id. ¶ 5.)

Gerszberg bought 446 Harrison Avenue, one of the flooded properties, from original plaintiffs Benjamin and Shirley Scharf in February 2006. (Pl. Br. at 2.) As Benjamin Scharf was one of the original plaintiffs to whom Amtrak had been ordered in 1988 to provide semi-annual reports on the condition of Mill Brook Culvert, Gerszberg contacted Amtrak and requested that the reports be sent to him instead of Scharf. (Id.) Gerszberg also asserted that he suffered flooding damages related to the Mill Brook Culvert in 2006, 2007 and 2008. (Def. Opp. Br. at 2.) Amtrak's refusal to issue reports to Gerszberg touched off a renewal of this litigation after a twelve-year fallow period, and Gerszberg filed an Order to Show Cause on March 17, 2008, before the Honorable Frank M. Ciuffani, J.S.C. in the Chancery Division of the Superior Court of New Jersey, Middlesex County. (Sup. Ct. Order of Mar. 17, 2008.)

Amtrak subsequently removed the matter to this Court and filed a motion to compel Gerszberg to file a complaint. (Docket 08-1897, CM/ECF #1, 3.) This Court, finding that the

case did not meet the definition of a civil action under 28 U.S.C. § 1441 because Gerszberg was not a party to the case in which he filed his Order to Show Cause, ordered the case remanded to Superior Court. (Order of April 30, 2008.)

On remand, Judge Ciuffani conducted a hearing on Gerszberg's Order to Show Cause on May 22, 2008. After carefully considering the arguments of the parties, Judge Ciuffani ruled on several outstanding issues, and ordered further briefing as to others. Prior to the completion of the briefing schedule, however, Amtrak filed another notice of removal on June 11, 2008, at which time this action was placed before the Honorable William J. Martini, U.S.D.J. Plaintiff filed the instant motion on June 27, 2008, and after briefing was completed, Chief Judge Garrett E. Brown, U.S.D.J., reassigned the case from Judge Martini to the undersigned at the request of Gerszberg's counsel.

## DISCUSSION

Gerszberg claims that this action must be remanded to New Jersey Superior Court because Amtrak is 9,855 days late in filing its notice of removal and that the notice of removal is procedurally deficient under 28 U.S.C. § 1446(c). (Pl. Br. at 3-4.) Gerszberg also moves for costs and attorney's fees under 28 U.S.C. § 1447(c). (Id. at 4.) Amtrak argues that it removed the case within the time period permitted by statute because Judge Ciuffani's May 22 ruling from the bench made the action newly removable. (Def. Opp. Br. at 5.) Alternatively, Amtrak claims that it could remove the case after the May 22 rulings because of the revival exception to the 30-day limit for removal. (Id. at 9-10.) Neither party disputes whether or not this Court has federal question subject matter jurisdiction over the matter, as Amtrak is a creature of the federal government. Hollus v. Amtrak Northeast Corridor, 937 F. Supp. 1110, 1113 (D.N.J. 1996)

("Because a majority of the capital stock of Amtrak is owned by the United States, the federal courts have subject matter jurisdiction over any action involving Amtrak.").[1]

A defendant may remove a case from state court to federal court as a matter of right within either thirty days of service or within thirty days of the action becoming removable.  28 U.S.C. § 1441, 1446.  The removing party bears the burden of demonstrating that subject matter jurisdiction exists.  Orlick v. J.D. Carton & Son, Inc., 144 F. Supp 2d 337, 341 (D.N.J. 2001).  Removal statutes are to be strictly construed against removal.  Orlick, 144 F. Supp 2d at 341.

This Court remanded the matter to the New Jersey Superior Court out of grave doubts as to whether or not it had jurisdiction.  (Order of April 30, 2008.)  While the Third Circuit has emphasized that "an irregularity in removal of a case to federal court is to be considered 'jurisdictional' only if the case could not initially have been filed in federal court," and this case would have been originally removable in 1980 due to Amtrak's presence as a party, this Court found that Gerszberg had not placed a civil action before it, as required by the Civil Rules and 28 U.S.C. § 1441.  Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 614 (3d Cir. 2003) (quoting Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995)); Order of April 30, 2008.  In the absence of a civil action to which Gerszberg was a party, this Court remanded the case as one not properly removable because it could not have been originally filed in federal court.  Ariel Land Owners, Inc., 351 F.3d at 614.

---

[1] This Court finds that the one-year limitation on removal of actions based on § 1332 diversity jurisdiction would operate so as to foreclose removal under diversity, as the diversity of the parties has not changed throughout the lawsuit's history.  28 U.S.C. § 1446(b).  The homeowner into whose shoes Gerszberg stepped in the May 22, 2008 ruling of Judge Ciuffani was also diverse from Amtrak, and Amtrak had not removed the case by 1990, more than twelve months after the one-year bar came into effect.  Ariel Land Owners, Inc., 351 F.3d at 615 (noting that one-year bar was enacted in 1988).

The May 22, 2008 rulings by Judge Ciuffani eliminated the issues that were originally so troubling to this Court. Judge Ciuffani made the following ruling regarding Gerszberg's substitution into this matter:

> Now the Gerszberg[s'] acquired this property from the Scharfs. That court order inures to the benefit of the property owner or property owners whoever they may be, so the Gerszberg[s'] are the current property owners and my finding is that they—they have the right to be included in this matter now as plaintiff to seek enforcement of that court order.

(Tr. of May 22, 2008 at 70-71.) Judge Ciuffani then verified to the parties that the matter was officially reopened in Superior Court. (Id. at 74.) The carefully crafted rulings by Judge Ciuffani in this matter require that this Court recognize that a substantial event occurred in the history of this matter on May 22, 2008: Gerszberg was substituted into this case, and became a plaintiff on whose behalf the Superior Court of New Jersey ordered Amtrak's compliance with the reporting obligations of the 1988 Order.[2] (Id. at 71-74.) Whether or not a complaint exists in the record, therefore, this case now constitutes a "civil action" under § 1441.

**A.    Section 1446(b)**

The gravamen of Gerszberg's motion is that having failed to remove the matter in 1980, Amtrak has no right to do so now under § 1446. (Pl. Br. at 3.) The question before the Court is, therefore, how to interpret the language of the second paragraph of § 1446(b), which states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable,

---

[2] As the substitution has already been ordered in state court, Defendant's arguments based upon Federal Rule of Civil Procedure 25 have no merit. (Def. Opp. Br. at 7.)

>except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  The main thrust of Gerszberg's argument is that this action was originally removable in 1980, and nothing has happened since that creates any newly ascertainable federal question permitting removal.  (Pl. Reply. Br. at 2.)  Reading § 1446(b) in conjunction with Judge Ciuffani's rulings provides strong support for Gerszberg's position.  Gerszberg avers that he seeks only enforcement of the 1988 order, and not damages for any of his post-purchase flooding.  (Pl. Br. at 2-3.)  Whether or not the pleading now is in the record, Amtrak does not dispute the proposition put forward by Gerszberg that federal question jurisdiction was apparent on the initial complaint in state court, and the case was thus removable when first filed.  Hollus, 937 F. Supp. at 1113; Pl. Reply Br. at 2.  Section 1446(b) permits the use of a notice of removal when an initially non-removable action becomes so at a later date, and does not permit a party to simply ignore the thirty-day rule and keep removal in its back pocket forever.  28 U.S.C. § 1446(b); Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005) ("[t]he second paragraph [of § 1446(b)] applies only if the initial pleading does not set forth the grounds for removal"); Wilson v. Intercollegiate (Big Ten) Conf. Athletic Ass'n, 668 F.2d 962, 965 (7th Cir. 1982) (Posner, J.).  Furthermore, with respect to what constitutes the "initial pleading" under § 1446(b), the Third Circuit has recently clarified that the phrase "initial pleading" in both paragraphs of § 1446(b) refers to a complaint and not to a summons.  Sikirica, 416 F.3d at 223.  Under the most reasonable reading of § 1446(b), therefore, Amtrak is beyond the thirty days permitted by the statute to file its notice of removal.

Amtrak argues, however, that Gerszberg is bringing new claims against Amtrak in the

6

"guise" of attempting to enforce the 1988 Order. (Def. Opp. Br. at 6, 7.) These new claims are the recent instances of flooding originally alleged by Gerszberg. (Id. at 7-8.) Gerszberg's representation to this Court and to the Superior Court of New Jersey, however, is that he does not seek damages for the recent flooding, but merely enforcement of the terms of the 1988 Order. (Pl. Reply Br. at 2-3.) An examination by this Court of the Order to Show Cause brought by Gerszberg in Superior Court, submitted by Amtrak in its Notice of Removal, indicates that the relief sought by Gerszberg is limited to the scope of the 1988 Order. (Notice of Removal Ex. 1 at 5.) An examination of the "substantive underpinnings" of Gerszberg's request for relief, therefore, also supports the characterization of this matter as one not involving new damages claims, but of after-occurring facts within the scope of the original state court action and 1988 Order. (Def. Opp. Br. at 6.) This Court, therefore, finds that remand is appropriate based upon § 1446(b), as Amtrak was out of time to issue its notice of removal and, because this case was initially removable, after-arising issues did not restart the thirty-day clock under § 1446(b).

**B.      Revival**

The revival exception to § 1446(b) creates a right to remove a case where "a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." Johnson v. Heublein Inc., 227 F.3d 236, 241 (5th Cir. 2000). It serves to protect parties declining to remove from unanticipated consequences of that decision: "though a defendant has submitted himself to state court jurisdiction on one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action is filed." Cliett v. Scott, 233 F.2d 269, 271 (5th Cir. 1956). The revival exception has been applied where

7

the relationships of the parties in a case are radically changed, with defendants becoming plaintiffs, and the original complaint failed to reflect the terms of the action. Johnson, 227 F.3d at 241. However, where the core facts of the proceeding have not changed, the revival exception is not applied. Baych v. Douglass, 227 F. Supp 2d 620, 623 (E.D. Tex. 2002) (refusing to apply revival exception where facts unchanged but new parties added); Medrano v. University of Texas Pan-American, No. 08-86, 2008 WL 2224312, at *2-4 (S.D. Tex. May 29, 2008 (collecting cases and finding that additional claim did not alter the character of the lawsuit).

Assuming arguendo that the revival exception would be recognized by the Third Circuit—as neither party proffers a case within this Circuit discussing the doctrine—this is not the case in which to apply it. In the instant matter, Gerszberg has limited the relief he seeks to the enforcement of the 1988 Order. (Notice of Removal Ex. 1 at 5; Pl. Reply Br. at 2-3.) Judge Ciuffani substituted him into the lawsuit based upon his ownership of one of the properties damaged in the original lawsuit. (Tr. of May 22, 2008 at 70-71.) The facts in this matter have been expanded only to the extent that a party has been added and that some facts have been disclosed about flooding that occurred from 2006 to 2008, attributed by Gerszberg to the Mill Brook Culvert at issue in the original litigation. This is not, therefore, a suit whose character has been irretrievably altered, or in which the core facts and parties are no longer recognizable (so far as either party can demonstrate in the absence of the original complaint). Baych, 227 F. Supp 2d at 623. As this Court, therefore, declines to apply the revival exception, and Amtrak did not have an additional thirty days to remove after the May 22, 2008 rulings of Judge Ciuffani, this Court will order the matter remanded to the Superior Court of New Jersey.

With respect to the award of fees and costs under 28 U.S.C. § 1447(c), this Court finds

that an award would be inappropriate at this time. This Court does not believe that Amtrak's second notice of removal was issued in this matter as a means of avoiding Judge Ciuffani's rulings or as a means of pernicious delay in this matter, as argued by Plaintiff. (Pl. Br. at 4-5.) If anything, the factual murk surrounding this case, in which neither party can locate certain documents from the original litigation and some events can only be pinned down to occurring in approximate years, should cause the parties to be aware that false starts and even missteps are to be expected. (Def. Opp. Br. at 2 n.1.) Judge Ciuffani having remedied Gerszberg's absence as a party to the original action, this Court finds that Amtrak had a sufficiently reasonable basis to remove under <u>Martin v. Franklin Capital Corp.</u> to prevent the award of fees and costs, despite the fact that the case was, in fact, subject to remand upon Gerszberg's application. 546 U.S. 132, 141 (2005).

## CONCLUSION

For the reasons heretofore given, this Court grants Plaintiff's motion to remand, and denies Plaintiff's motion for fees and costs. An appropriate Order accompanies this Opinion.


DATED: November 30, 2008                    /s/ Jose L. Linares
                                            United States District Judge